UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                        **AMENDED**
                                    **MEMORANDUM OPINION**
                                      **AND ORDER**

Robert James Jefferson,            Criminal No. 97-276 (04) (MJD)

    Defendant/Petitioner.
_____

    Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

    James E. Ostgard, II, Ostgard Law Office, Counsel for Petitioner.

---

This matter is before the Court on Petitioner's Amended Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1709].

## I.    Procedural Background

On May 12, 1998, Petitioner was charged in the Third Superseding Indictment with multiple counts, including conspiracy to murder, murder, attempted murder, assault with a dangerous weapon and several drug counts. Petitioner was sixteen years old at the time the murders were committed.

On August 5, 1998, a jury returned guilty verdicts against Petitioner on all counts, except one count involving a specific drug transaction. At sentencing,

1

the applicable guideline range was determined to be life in prison based on a total offense level 43 and a criminal history category I.  Petitioner was thereafter sentenced to term of life imprisonment on the murder counts, 120 months on the drug conspiracy count, 48 months on the use of a telephone to conduct drug trafficking counts, 120 months on the conspiracy to murder and attempted murder counts and 240 months on the assault with a dangerous weapon count; all to be served concurrently.  Petitioner's conviction and sentence were affirmed on appeal.  United States v. Jefferson et al., 215 F.3d 820 (8th Cir. 2000) cert. denied, 531 U.S. 911 (2000).

On June 24, 2013, the Court granted Petitioner's motion to vacate his sentence in light of the United States Supreme Court decision that held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  Miller v. Alabama, 567 U.S. 460, 479 (2012).  The Court ordered a new presentence investigation report ("PSR") be prepared prior to Petitioner's resentencing.

On January 29, 2015, the Court resentenced Petitioner to a term of 600 months (50 years) as follows: 120 months on Count 2, 48 months on Counts 29 and 32, 120 months on Counts 50, 56 and 57, 600 months on Counts 51 through

55; and 240 months on Count 58, all counts to be served concurrent to each other. This sentence was affirmed on appeal. United States v. Robert James Jefferson, 816 F.3d 1016 (8th Cir. 2016) cert. denied, Jefferson v. United States, 137 S.Ct. 2290 (June 26, 2017).

On June 25, 2018, Petitioner placed in the mail at the Federal Prison in Greenville, Illinois, his motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. [Doc. No. 1686, Ex. 2.] In his motion, Petitioner raised four claims. In Claim One, Petitioner alleged ineffective assistance of counsel based on counsel's failure to object to a hearsay statement contained in the PSR at his resentencing. In Claim Two, Petitioner alleged that the Court created an unwarranted sentencing disparity by sentencing him to a term of fifty years. In Claim Three, Petitioner alleged a Fifth Amendment violation based on counsel's failure to consult with Petitioner at his resentencing concerning his right to remain silent. Finally, in Claim Four, Petitioner alleged a claim of ineffective assistance of counsel at trial. Petitioner later moved to voluntarily dismiss Claim Four. [Doc No. 1688]

On November 21, 2018, the Court appointed counsel for Petitioner and allowed counsel to file an amended petition and supplemental memorandum.

The Amended Motion to Vacate Sentence was filed on June 28, 2019. [Doc. No. 1709] In the Amended Motion, Petitioner asserts only two claims of ineffective assistance of counsel: failure by resentencing counsel to investigate mitigating evidence and failure by resentencing counsel to advise and prepare Petitioner for asserting his right to remain silent in the event of questioning by the Court about contested facts of the case.

## II. Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

4

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

An evidentiary hearing was held on February 20, 2020.

## III. Discussion

Claims of ineffective assistance must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied, (March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms. Strickland, 466 U.S. at 688. The inquiry should be whether counsel's assistance was reasonable considering all the circumstances surrounding the case. Id. Judicial scrutiny of counsel's performance should be

5

highly deferential, and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 691.

**A. Claim One**

In his Amended Motion, Petitioner claims that resentencing counsel failed to investigate mitigating evidence prior to his resentencing. Had he done so, counsel would have discovered that Terri Coppage, the mother of the five young murder victims for which Petitioner was convicted, would have presented testimony to the Court in support Petitioner's request for a lower sentence.

The Court granted Petitioner an evidentiary hearing in order to hear testimony from Ms. Coppage. The hearing was rescheduled twice due to Petitioner's failure to communicate with Ms. Coppage about the hearing. On the date the evidentiary hearing was held, Ms. Coppage did not appear.

Thus, in support of his claim that resentencing counsel was ineffective for failing to investigate mitigating evidence, Petitioner relied on the affidavit of William O'Keefe, a private investigator hired by counsel to meet with Terri

6

Coppage. (Petitioner Ex. 21 (O'Keefe Aff. ¶ 2).) The Court also heard testimony from Mr. O'Keefe at the evidentiary hearing. Because Ms. Coppage did not appear at the hearing, or otherwise provide the Court a sworn affidavit, the Court did not admit any statements purportedly made by Ms. Coppage to Mr. O'Keefe concerning her positions with respect to Petitioner's sentence.

In addition to the fact that Petitioner failed to present any testimony from Ms. Coppage, the record contains evidence concerning the government's efforts to notify Ms. Coppage of the resentencing hearing. The government sent a letter to her last known address on April 17, 2014. (Paulsen Aff., Attachment 1.) The letter was returned as undeliverable and that Ms. Coppage had no forwarding address. (Id. ¶ 2.) The government was in contact with Ms. Coppage's son, Andre, and asked Andre to tell his mother about the hearing. Andre assured him that he would do so. (Id. ¶ 4.) Under these circumstances, the Court finds it is likely Ms. Coppage had notice of the resentencing hearing, and that she simply chose not to attend.

Next, the parties submitted a stipulation that if called to testify, resentencing counsel, Mark Larsen, would have testified that his "gut reaction" was not to contact the victim's families. (Stipulation ¶ 2.) He was aware that the

7

original PSR provided that Ms. Coppage did not want to be involved at the original sentencing and did not submit a victim impact statement. (Id. ¶ 3.) He was also aware that in the updated PSR, the probation office was unable to contact surviving family members. (Id. ¶ 4.) He thus had no reason to believe that Ms. Coppage would provide favorable information at resentencing. (Id. ¶ 5.) He further believed he did not have an ethical duty to seek out information from the victims' families. (Id. ¶ 6.) Instead, counsel's strategy was to go for a "head shot" using the best evidence he had, which was BOP records showing Petitioner's good conduct and other achievements. (Id. ¶ 7.)

The cases cited by Petitioner to show ineffective investigation do not support his claim, because those cases involved the investigation of facts – not the opinion testimony from the family of murder victims. See Rompilla v. Beard, 545 U.S. 374 (2005) (failure to review court file involving prior crime committed by defendant resulted in defense counsel not discovering evidence that defendant had been abused as a child and suffered from alcoholism and mental illness); Wiggins v. Smith, 539 U.S. 510 (2003) (defense counsel's failure to discover and to present at sentencing that defendant had been severely

physically and sexually abused as a child resulted in ineffective assistance of counsel).

Based on the record before it, the Court finds that Petitioner has failed to demonstrate that counsel's performance was constitutionally deficient or that his performance prejudiced Petitioner's case because he failed to investigate mitigating evidence.

**B.     Claim Two**

In his Amended Petition, Petitioner claims that counsel did not advise him as to questions he may be asked by the Court at the resentencing hearing or of his right to remain silent concerning facts relating to counts of conviction to which he maintained his innocence. Petitioner further claims that counsel did not give assurances to Petitioner that no adverse inferences could be drawn by the Court at resentencing from Petitioner's persistence to remain silent. Petitioner bases this argument on the questions asked of him by the Court as to whether he was involved in the firebombing of the Coppage home. Petitioner responded to the Court's questions by denying that he was involved in the firebombing, and by claiming that he did not know who was involved.

9

Because counsel did not prepare Petitioner for such questions or advise him of his right to remain silent, Petitioner felt compelled to answer the Court's questions despite his belief that the Court would use his assertions of innocence against him. He claims that failure of counsel to prepare Petitioner on this issue falls below an objective standard of reasonableness and renders counsel's assistance ineffective. Petitioner argues there is a reasonable probability that but for counsel's deficient preparation of the Petitioner, the results of the proceedings would have been different.

Petitioner notes that in response to the Court's questions as to his involvement in the firebombing of the Coppage home, the government stated: "Your Honor, when we acquiesced in this resentencing, it was with the condition that we weren't going to – there wasn't going to be any contesting of liability. And I think that's still the ground rules. We're here for resentencing." (Doc. No. 1648 (Resentencing Transcript at 45).)

In response, the Court noted: "Before you go on, just so you understand and Mr. Larsen understands, it would be mental gymnastics that I could not perform if I did not ask these questions." (Id. at 46). "And I understand that I

will not hold that against him when I sentence him, but I still had to hear it."
(Id.)

The record thus demonstrates that the Court understood it could not draw an adverse inference against Petitioner for not admitting his involvement in the firebombing of the Coppage home. On the other hand, lack of remorse is an appropriate factor to consider when imposing sentence, as is the seriousness of the crimes of conviction. As is clear from this Court's order dated February 4, 2015, the Court found that a 50-year sentence was warranted based on the facts that Petitioner has not accepted full responsibility for his actions, and that his actions involved the murder of five innocent children, attempted murder of Cedric Manning, the assault of Robert Otto and the distribution of a massive quantity of drugs.

Petitioner has thus failed to demonstrate he was prejudiced by counsel's failure to raise the issue of his continued right to silence at resentencing, or to advise him of his right to remain silent.

## IV. Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a

11

valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

**IT IS HEREBY ORDERED** the Amended Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 1709] is DENIED. The Pro Se Motion to Vacate [Doc. No. 1686] and the Motion to Voluntarily Dismiss Claim Four [Doc. No. 1688] are dismissed as moot. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 3, 2020

s/ Michael J. Davis  
Michael J. Davis  
United States District Court