UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v().                                                 MEMORANDUM OPINION
                                                     AND ORDER
                                                Crim. No. 97-276 (04) (MJD)

Robert James Jefferson,

    Defendant.

_____

    Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

    Robert D. Richman, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 1754.)

**I.     Background**

On May 12, 1998, Petitioner was charged in the Third Superseding Indictment with multiple counts, including conspiracy to murder, murder, attempted murder, assault with a dangerous weapon and several drug counts.

On August 5, 1998, a jury returned guilty verdicts against Petitioner on all counts, except one count involving a specific drug transaction.  At sentencing, the applicable guideline range was determined to be life in prison based on a total offense level 43 and a criminal history category I.  Petitioner was thereafter

sentenced to term of life imprisonment on the murder counts, 120 months on the drug conspiracy count, 48 months on the use of a telephone to conduct drug trafficking counts, 120 months on the conspiracy to murder and attempted murder counts and 240 months on the assault with a dangerous weapon count; all to be served concurrently.  Petitioner's conviction and sentence were affirmed on appeal.  United States v. Jefferson et al., 215 F.3d 820 (8th Cir. 2000) cert. denied, 531 U.S. 911 (2000).

On June 24, 2013, the Court granted Petitioner's motion to vacate his sentence in light of the United States Supreme Court decision that held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama, 567 U.S. 460, 479 (2012).  The Court ordered a new presentence investigation report ("PSR") be prepared prior to Petitioner's resentencing.

On January 29, 2015, the Court resentenced Petitioner to a term of 600 months (50 years) as follows: 120 months on Count 2, 48 months on Counts 29 and 32, 120 months on Counts 50, 56 and 57, 600 months on Counts 51 through 55; and 240 months on Count 58, all counts to be served concurrent to each other.  This sentence was affirmed on appeal.  United States v. Robert James Jefferson,

816 F.3d 1016 (8th Cir. 2016) cert. denied, Jefferson v. United States, 137 S.Ct. 2290 (June 26, 2017).

To date, Defendant has served approximately 23 years of his 50 year sentence. He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on April 16, 2040.

Defendant now moves the Court for an Order granting him compassionate release.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

There is no dispute that Defendant has exhausted his administrative remedies. Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant asserts he suffers from the following chronic medical conditions: Type I diabetes; Obesity; hypertension; and hypoglycemia. Defendant argues these medical conditions are recognized risk factors that

increase his risk of life-threatening consequences if he is infected with COVID-19.

The Court has reviewed the recent medical records from the BOP which show that Defendant receives regular medical care for his medical conditions and is receiving the dose and insulin regime he requested to treat his diabetes. (Doc. Nos. 1777-1, 1781-1 through 5.) These records also indicate that Defendant receives medication for hypertension and hyperlipidemia. (Doc. No. 1781-1 at 1.)

To be entitled to relief, however, Defendant must demonstrate that he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. At this time, Defendant has failed to make such a showing.

The Court recognizes the seriousness of the risks Defendant faces in light of the COVID-19 pandemic, but also recognizes that the BOP has taken significant steps to protect the health of the inmates in its charge in light of that pandemic. The Court further recognizes the number of confirmed active COVID-19 cases among inmates at Terre Haute FCI has risen recently.

Nonetheless, Defendant has not demonstrated that he has been exposed to any person that has tested positive. His most recent submission to the Court indicates that he is currently in lockdown, which will limit his exposure to others. (Doc. No. 1791).

More importantly, however, the Court finds that a sentence reduction is not appropriate in this case because a reduction is not supported by the factors set forth in 18 U.S.C. § 3553(a). Defendant was sentenced to a term of imprisonment for 50 years for the senseless murder of five young children, as well as attempted murder, assault with a dangerous weapon and conspiracy to distribute substantial amounts of cocaine and cocaine base. A sentence reduction would not adequately address the seriousness of the charges of conviction, promote respect for the law or provide a just punishment. In addition, as noted by this Court when Defendant was resentenced in 2015, Defendant has not accepted full responsibility for his actions, therefore a sentence reduction would not afford adequate deterrence for the offenses he committed or protect the public.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (Doc No. 1754) is DENIED.

Date: September 9, 2020

                                            <u>s/ Michael J. Davis</u>
                                            Michael J. Davis
                                            United States District Court