UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                        MEMORANDUM OPINION
                                          AND ORDER
                                      Crim. No. 97-276 (4) (MJD)

Robert James Jefferson,

      Defendant.

---

Jeffrey S. Paulsen, Assistant United States Attorneys, Counsel for Plaintiff.

Defendant, *pro* se.

---

This matter is before the Court on Defendant's Motion for Sentence Reduction pursuant to Section 404 of the First Step Act. [Doc. No. 1820]

**I.**    **Background**

On August 5, 1998, a jury returned guilty verdicts against Defendant on all counts, except one count involving a specific drug transaction. At sentencing, the applicable guideline range was determined to be life in prison based on a total offense level 43 and a criminal history category I. Defendant was thereafter sentenced to term of life imprisonment on the murder counts, 120 months on the drug conspiracy count, 48 months on the use of a telephone to conduct drug

1

trafficking counts, 120 months on the conspiracy to murder and attempted murder counts and 240 months on the assault with a dangerous weapon count; all to be served concurrently. Defendant's conviction and sentence were affirmed on appeal. United States v. Jefferson, 215 F.3d 820 (8th Cir. 2000) cert. denied, 531 U.S. 911 (2000).

On June 24, 2013, the Court granted Defendant's motion to vacate his sentence in light of the United States Supreme Court decision that held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama, 567 U.S. 460, 479 (2012). The Court ordered a new presentence investigation report ("PSR") be prepared prior to Defendant's resentencing.

On January 29, 2015, the Court resentenced Defendant to a term of 600 months (50 years) as follows: 120 months on Count 2 (conspiracy to distribute cocaine and cocaine base), 48 months on Counts 29 and 32 (use of a telephone in furtherance of drug trafficking), 120 months on Counts 50, 56 and 57 (conspiracy to murder Andre Coppage and Cedric Manning), 600 months on Counts 51 through 55 (murder of Coppage children); and 240 months on Count 58 (assault with a dangerous weapon), all counts to be served concurrent to each other. This

sentence was affirmed on appeal. United States v. Robert James Jefferson, 816 F.3d 1016 (8th Cir. 2016) cert. denied, Jefferson v. United States, 137 S.Ct. 2290 (June 26, 2017).

To date, Defendant has served approximately 24 years of his 50-year sentence. He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on April 16, 2040.

## II.    Motion to Reduce Sentence

Pursuant to Section 404 of the First Step Act "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (2018). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010." Id. Section 2 of the Fair Sentencing Act of 2010 ("FSA") reduced the statutory mandatory minimum penalties for offenses involving cocaine base by raising the

drug quantity threshold required to trigger a mandatory minimum term of imprisonment.

> A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.

United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). Once the Court "determines that the defendant is eligible for a sentence reduction, it has substantial discretion to choose whether to reduce the sentence under § 404(b)." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021).

Defendant argues he is entitled to relief pursuant to § 404 of the First Step Act because his conviction on the drug conspiracy count involved the distribution of crack cocaine. Defendant now asks the Court to resentence him on all counts to time served and a five-year term of supervised release.

**A.    Discussion**

Defendant argues that his conviction on Count 2, conspiracy to distribute cocaine and cocaine base, is a covered offense under the First Step Act because it involved cocaine base for which the statutory penalties were amended under the FSA. Defendant argues that under the FSA, the statutory penalties for Count 2

are now 0 to 20 years, versus 10 years to life. However, Defendant requests the Court resentence him on all counts because he no longer faces a statutory life sentence on the drug quantity and because it will avoid sentencing disparities. Defendant asserts that this Court sentenced co-defendant Willie Hart to a ten-year sentence, even though he also committed a violent assault and the five murders of the Coppage children. The Court finds that Hart's case is not comparable, however, as he was 13 years old when the crimes were committed, and he was therefore subject to different statutory penalties. Defendant further points out that this Court granted Yolanda Dean's motion for a reduced sentence. The Court finds that Dean's case is also not comparable, as she was not convicted on any of the murder counts, her sentence was driven by the Continuing Criminal Enterprise ("CCE") count, and Defendant was not charged in the CCE count.

Defendant believes that if the Court would have been able to sentence him to a lower sentence on the drug count, the Court would have sentenced him to a lower sentence on the murder counts. Defendant further points out his exemplary prison record, and the programs he has participated in.

The government argues that under the concurrent sentence doctrine, the Court "can decline to review the validity of a concurrent conviction or sentence when a ruling in the defendant's favor 'would not reduce the time he is required to serve' or otherwise 'prejudice him in any way.'" Eason v. United States, 912 F.3d 1122, 1123 (8th Cir. 2019) (citation omitted).

The Eighth Circuit has repeatedly affirmed a district court's reliance on the concurrent sentence doctrine. For example, in United States v. Oslund, the defendant was sentenced to a life sentence for murder and a separate life sentence for being a felon in possession of a firearm, as well as a concurrent twenty-year sentence on a robbery conviction. 944 F.3d 743, 745 (8th Cir. 2019). The defendant brought a challenge to his felon in possession conviction and sentence after the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). Even though the district court had determined that it relied on the residual clause to apply the ACCA enhancement, the district court declined to review the validity of the sentence on the felon in possession conviction pursuant to the concurrent sentence doctrine. Id. at 745-46. On appeal, the Eighth Circuit rejected the defendant's claim that he was entitled to a full resentencing because had the district court known the statutory maximum for the felon in possession

conviction was ten years, he would have received a lesser sentence on the murder conviction. Id. at 746. "The record belies [defendant's] argument, however, for the sentencing court clearly expressed its intent that [defendant] never be released from prison." Id. The Eighth Circuit found the district court committed no error in applying the concurrent sentence doctrine "[i]n light of the life sentence imposed on count 2 and the sentencing court's specific statements that [defendant] remain in prison for life." Id. See also United States v. Parker, 993 F.3d 595, 606-07 (8th Cir. 2021) ("Because [the defendant's] convictions and his life sentence under Count I are valid, we decline to review his concurrent life sentence under Count II pursuant to the concurrent sentence doctrine."); Smith v. United States, 930 F.3d 978, 980-81 (8th Cir. 2019) (finding the district court did not abuse its discretion in applying the concurrent sentence doctrine and denying defendant's request for a full resentencing on all counts of conviction).

    First, the Court notes that with respect to Defendant's co-defendant Robert George Jefferson, the Court applied the concurrent sentence doctrine and declined to grant his request for a full resentencing hearing. Like Defendant, Robert George Jefferson was convicted of the same murder counts involving the Coppage children, but was also convicted of the more serious CCE count which

7

involved the distribution of cocaine and cocaine base. The Court found that even assuming he was entitled to relied under the First Step Act and would reduce his sentence on the CCE count, the Court would not reduce his sentence on the murder counts. United States v. Jefferson, No. 97-276(02), 2021 WL 2143478, at *3 (D. Minn. May 26, 2021).

The same is true in this case. Defendant's convictions and sentences on the murder counts are valid, and the record does not support Defendant's claim that the Court would reduce the sentences on the murder counts if the sentence for the drug count was reduced. In addition, Defendant's sentence has already been reduced – from life to 50 years, and the arguments he makes for a further reduction – his age when the crimes were committed, his prison record and classes taken – were all considered by the Court at his 2015 resentencing. Accordingly, the Court will exercise its discretion and decline Defendant's request to review his sentences on the covered offense. See United States v. Stuckey, 97-cr-80625-3, 2020 WL 2065474 (E.D. Mich. April 29, 2020) ("No matter what sentence the Court imposed for Stuckey's cocaine-related offenses at a resentencing, Stuckey would still be subject to a mandatory life sentence for his murder conviction.")

**IT IS HEREBY ORDERED** that Defendant's Motion For a Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. No. 1820] is **DENIED.**

Date:  November 23, 2021

                                                s/Michael J. Davis  
                                                Michael J. Davis  
                                                United States District Court