UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

                                                               **MEMORANDUM OPINION
AND ORDER**
Crim. No. 97-276 (04) (MJD)

Robert James Jefferson,

    Defendant.
_____

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Robert James Jefferson, Defendant, pro se.
_____

This matter is before the Court on Defendant's Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 1847.)

**I.    Background**

The following background is quoted from the Court's order denying Defendant's first motion for compassionate release.

> On May 12, 1998, Petitioner was charged in the Third Superseding Indictment with multiple counts, including conspiracy to murder, murder, attempted murder, assault with a dangerous weapon and several drug counts.
>
> On August 5, 1998, a jury returned guilty verdicts against Petitioner on all counts, except one count involving a specific drug transaction. At sentencing, the applicable guideline range was determined to be life in prison based on a total offense level 43 and a criminal history

1

> category I. Petitioner was thereafter sentenced to term of life imprisonment on the murder counts, 120 months on the drug conspiracy count, 48 months on the use of a telephone to conduct drug trafficking counts, 120 months on the conspiracy to murder and attempted murder counts and 240 months on the assault with a dangerous weapon count; all to be served concurrently. Petitioner's conviction and sentence were affirmed on appeal. United States v. Jefferson et al., 215 F.3d 820 (8th Cir. 2000) cert. denied, 531 U.S. 911 (2000).
>
> On June 24, 2013, the Court granted Petitioner's motion to vacate his sentence in light of the United States Supreme Court decision that held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama, 567 U.S. 460, 479 (2012). The Court ordered a new presentence investigation report ("PSR") be prepared prior to Petitioner's resentencing.
>
> On January 29, 2015, the Court resentenced Petitioner to a term of 600 months (50 years) as follows: 120 months on Count 2, 48 months on Counts 29 and 32, 120 months on Counts 50, 56 and 57, 600 months on Counts 51 through 55; and 240 months on Count 58, all counts to be served concurrent to each other. This sentence was affirmed on appeal. United States v. Robert James Jefferson, 816 F.3d 1016 (8th Cir. 2016) cert. denied, Jefferson v. United States, 137 S. Ct. 2290 (June 26, 2017).

(Doc. 1792 at 1-3.)

Defendant filed the instant motion in March 2022. Briefing was stayed pending resolution of Defendant's latest appeal to the Eighth Circuit Court of Appeals. (Doc. 1852.) In October 2022, Defendant filed his supplement to his motion for compassionate release. (Doc. 1853.) On February 21, 2023, the Eighth

2

Circuit denied Defendant's appeal. (See Doc. 1858.) On March 21, 2023, briefing on the instant motion was completed.

To date, Defendant has served approximately 25-and-one-half years of his 50-year sentence. He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on April 16, 2040. Defendant is currently serving his sentence at FMC Rochester. Defendant now moves the Court for an Order granting him compassionate release.

## II.   Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

>  (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

There is no dispute that Defendant has exhausted his administrative remedies. Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant asserts he suffers from the following chronic medical conditions: type I diabetes, hypertension, hyperlipidemia, obesity, and coronary artery disease. Defendant argues these medical conditions are recognized risk

factors that increase his risk of life-threatening consequences if he is infected with COVID-19.

As the Court did with Defendant's last motion for compassionate release, the Court has reviewed the recent medical records from the BOP. (Gov. Ex. 1.)  The records show that although Defendant has had a bit of difficulty controlling his diabetes in recent months, he receives regular medical care for that condition and consults frequently with FMC Rochester medical staff who are willing to change his medication regimen as necessary to meet his needs.  (Id.)  In addition, medical records show that in August 2022, Defendant was choosing "ice cream, soda, candy, honey buns, rice, chips, pop tarts, etc." from the commissary, which are not conducive to a diabetic diet.  (Id. at 105.)  In December 2022, Defendant was still snacking occasionally after 7:00 p.m., which was having a negative effect on his morning blood sugars.  (Id. at 46.)  Defendant also receives medication for hypertension and hyperlipidemia  (Id. at 40, 106.)  His hyperlipidemia has improved and was described as "satisfactory" in December 2022.  (Id. at 40.)

In his Supplement to his Motion for Compassionate Release, Defendant stated that he was diagnosed with coronary artery disease and was seeing a cardiologist for "a possible angiogram and stent placement." (Doc. 1853 at 1.) Medical records show, however, that Defendant's coronary artery disease is mild and treatable with medication; a stent was not necessary. (Gov. Ex. 1 at 7, 16-17.)

To be entitled to relief, Defendant must demonstrate that he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. At this time, Defendant has failed to make such a showing.

The Court recognizes the heightened risks someone with Defendant's health issues faced at the height of the COVID-19 pandemic, but also recognizes that the BOP took, and continues to take, significant steps to protect the health of the inmates in its charge in light of that pandemic. Furthermore, Defendant is now confined at a Federal Medical Center, which, arguably, offers him the best protection against COVID-19 in the BOP. Defendant is now also vaccinated against COVID-19. (Id. at 499; Def. Ex. 1 at 1.) FMC Rochester currently has 0 COVID-19 infections among prisoners and is operating at a level 1 disruption

6

due to the disease, which is the BOP's lowest level of disruption. Federal Bureau of Prisons, BOP COVID-19 Statistics, https://www.bop.gov/coronavirus/covid19statistics. html (last visited Apr. 26, 2023).

Importantly, the Court again finds that a sentence reduction is not appropriate in this case because a reduction is not supported by the factors set forth in 18 U.S.C. § 3553(a). Defendant was sentenced to a term of imprisonment for 50 years for the senseless murder of five young children, as well as attempted murder, assault with a dangerous weapon, and conspiracy to distribute substantial amounts of cocaine and cocaine base. A sentence reduction would not adequately address the seriousness of the charges of conviction, promote respect for the law or provide a just punishment. In addition, as noted by this Court when Defendant was resentenced in 2015, Defendant has not accepted full responsibility for his actions, therefore a sentence reduction would not afford adequate deterrence for the offenses he committed or protect the public. The mere rote invocation that Defendant "in no way wants to downplay the seriousness or role he played in the acts he committed" and statement that "remorse is what has moved him to show that he is sorry and not just give this

7

court and the victims what they want to hear" falls far short of acceptance of responsibility.

Finally, Defendant's alleged rehabilitation is also not a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. . . . [T]here is nothing 'extraordinary and compelling' about a prisoner who simply does the things that prisoners are supposed to do.").

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release (**Doc No. 1847**) is **DENIED.**

Date:  May 16, 2023

s/Michael J. Davis<br>
Michael J. Davis<br>
United States District Court